## IN THE TAX COURT OF THE
## STATE OF OREGON

Michael ARTHUR

*v.*

DEPARTMENT OF REVENUE

(TC 3958)

Plaintiff (taxpayer) appeared *pro se*.

Joseph P. Dunne, Assistant Attorney General, Department of Justice, Salem, represented defendant (department).

Decision for defendant rendered March 7, 1997.

### CARL N. BYERS, Judge.

This matter has been submitted to the court for decision on stipulated facts and written arguments. The sole question before the court is whether the Department of Revenue's Notice of Deficiency adequately stated the reason for the adjustment to plaintiff's income taxes as required by ORS 305.265(2)(a) and (b).

### FACTS

Plaintiff (taxpayer) and his wife, Sheila R. Arthur filed a joint 1991 Oregon income tax return as full-year residents.[1] The return was prepared by L.H. Ritz of Sioux Falls,

---

[1] After filing their joint return, he and his wife were divorced.

South Dakota. The return subtracted $87,287 in "capital gains" from federal adjusted gross income. In due course, the return was audited by the Department of Revenue (department). The subtraction apparently puzzled the auditor. By letter dated October 19, 1993, the auditor asked taxpayer and his wife why they subtracted the capital gain on the return. There is no indication that taxpayer or his wife responded to this letter.

On January 11, 1994, the department issued a Notice of Deficiency indicating that taxpayer and his wife owed an additional tax of $7,856. The notice states:

"We can't allow a subtraction of out-of-state income on an Oregon full-year resident return. If your permanent home was outside of Oregon all year, you should file as a nonresident (Oregon Form 40N). If you moved into OR out of Oregon during the year, you should file as a part-year resident (Oregon Form 40P). ORS 316.048.[2]

"* * * * *

"You claimed a capital gain subtraction for income earned in another state. Since you are a full[-]year resident, all income received while your [sic] are a resident, is taxable to Oregon. ORS 316.082[.] If you have income taxed by more than one state, you may be eligible for a credit for taxes paid to another state."

The auditor's assumption that taxpayer deducted the capital gains because they were out-of-state income was an error. The gains were realized from the sale of Oregon property. Apparently, the reporting error occurred because taxpayer's accountant was not familiar with Oregon law.

ORS 305.265(2) states:

"As soon as practicable after a report or return is filed, the department shall examine or audit it, if required by law or the department deems such examination or audit practicable. If the department discovers from an examination or an audit of a report or return or otherwise that a deficiency exists, it shall compute the tax and give notice to the person filing the return of the deficiency and of the department's

---

[2] All references to the Oregon Revised Statutes are to 1991.

intention to assess the deficiency, plus interest and any appropriate penalty. Except as provided in subsection (3) of this section, the notice shall:

"(a)   State the reason for each adjustment;

"(b)   Give a reference to the statute, regulation or department ruling upon which the adjustment is based; and

"(c)   Be certified by the department that the adjustments are made in good faith and not for the purpose of extending the period of assessment."

The parties have stipulated:

"The sole remaining issue is whether the assessment is void on the grounds that defendant failed to adequately state the reasons for the adjustments as required by ORS 305.265(2)(a) and (b)."

The taxpayer is understandably upset. After filing the joint return, he and his wife were divorced. All communications concerning the audit adjustment occurred between taxpayer's ex-wife and the department. Taxpayer did not learn of the additional tax liability until presented with a copy of the Notice of Deficiency by his ex-wife.

Taxpayer contends that the notice must contain "sufficient explanation for the adjustments made and should contain proper citations." Taxpayer claims the notice is invalid because it stated that the adjustment was due to out-of-state income. Taxpayer and his wife never had out-of-state property or income.

■        Taxpayer's contentions are not quite on the mark. The statute indicates that the notice must state a "reason" for the adjustment, which may be something less than and different from an "explanation."

The reason stated in the notice was that the state "can't allow a subtraction of out-of-state income on an Oregon full-year resident return." The notice cited ORS 316.048, which provides:

"The entire taxable income of a resident of this state is the federal taxable income of the resident as defined in the

laws of the United States, with the modifications, additions and subtractions provided in this chapter."

The supposition about the source of the income was speculation on the part of the auditor. This speculation was later found to be inaccurate. Nevertheless, the speculation was not the reason for the adjustment. The reason for the adjustment was that all income is taxable to a full-year resident.

■    The court finds that the notice was adequate and complied with ORS 305.265(2). It adequately gave the reason for the adjustment (no subtraction for full-year residents) and identified the particular item (capital gains) adjusted. If the notice had simply said that the department was disallowing the claimed subtraction of capital gains because a full-year resident cannot subtract capital gains, then it would have also been adequate. Because returns are brief and in a set form, an auditor may misunderstand the nature of an item or the character of a deduction. Such a mistake is not fatal if the taxpayer is given adequate reason why the action is being taken and the authority cited. In this case, taxpayer knew that the department was not allowing the subtraction of the capital gains because taxpayer was a full-year resident. Accordingly, the court finds that the department's Opinion and Order No. 95-0331 must be sustained. Costs to neither party.